PRESIDING JUSTICE McDADE, concurring in part and dissenting in part: The majority finds that because the children — T.L., age 5, and C.L., age 2 — were not made wards of the State, the trial court was without authority to enter its orders finding the mother unfit, finding the father fit, awarding guardianship of the children to the father, directing the mother to complete specified service tasks, and scheduling the mother’s supervised visitation with the children. All of those orders have been vacated by the majority, and I concur with that action. I also agree with the majority’s conclusion that the trial court devoted a great deal of effort and attention and exhibited care and sensitivity in its consideration of these cases. However, the majority affirms the order closing these cases and, for the reasons that follow, I dissent from that decision and would find that the matter needs to be returned to the circuit court and done over properly. I do not think we can begin to responsibly assess whether the ultimate disposition of the children was correct because we have been presented with a procedural quagmire. Father has been given custody of these children by the circuit court in this case. The record contains a shelter care order issued on November 29, 2007. Nonetheless, the dispositional report states that: (1) on September 5, 2007, the father filed a petition to vacate the shelter care order; (2) the petition was granted; and (3) the children were placed with the father. The record does not contain either a petition by the father to vacate the shelter care order or a court order granting such a petition and placing the children with the father. Thus, the record is unclear about how and when and with what judicial findings the children initially went from custody of the mother to the custody of the father. This placement with the father was confirmed in the dispositional order finding the father fit and declaring him guardian. We have, quite properly I believe, vacated that finding of fitness and award of guardianship. Thus, one bottom line in this case is that we have custody awarded to the father with no determination of record that he was a fit person to secure the children’s release from shelter care or to be designated guardian. Yet another bottom line is that we have a mother who has been stripped of custody on a determination that the children were neglected. There is now, however, no finding that she was unfit and no order of visitation or an opportunity to receive rehabilitation services necessary to reclaim C.L. and T.L. For these reasons alone I do not believe we can responsibly affirm the order closing the cases. Those are not, however, my only reasons. I am also concerned that we are being asked to review the propriety of closing these cases on a record lacking information critical to that review. As long as we cobble together bits and pieces of information, hoping that we have gleaned everything that is relevant, neither we nor the trial courts nor the parties will come to grips with the need for a complete record. Moreover, our increasing reliance on form orders where boxes are sometimes checked and sometimes not; where, as here, the form itself is internally inconsistent (at least to the extent of requiring (or presuming) a finding that it is in the best interest of the children to be made wards of the State, but also including a box permitting a contradictory finding); and where the written narrative findings demanded by the statute are nonexistent is troubling. It deprives us of sufficient information to make well-reasoned and fair decisions on appeal, negatively impacting their reliability and compromising the legislature’s stated goals. Finally, the mother in this case will get state-provided services and visitation with C.L. and T.L., but only because of the other cases in which she is a party. Absent those cases, the trial court’s disposition leaves her with a finding that she is unfit, that she cannot have custody of her children, and that she will not have services necessary to reclaim them. Our decision — again, absent the other cases — leaves her technically fit, but without her children and without resources to earn them back. That may be the appropriate disposition, but we cannot really tell from this record. For all of these reasons, I cannot agree that the cases should remain closed and I dissent from that decision.